UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 19-43465-mlo

**Terry Howard Deutch,**  Chapter 13

    Debtor.  Hon. Maria L. Oxholm
_____/

## UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

Daniel M. McDermott, United States Trustee, hereby objects to confirmation of the Debtor's Chapter 13 Plan filed in this case, under 11 U.S.C. § 105(a) and 11 U.S.C. § 1325(a), and in support states:

1. This Chapter 13 case was filed on March 11, 2018 (Docket# 1).

2. On April 9, 2019 the Debtor filed his Schedules and Statement of Financial Affairs (SOFA) (Docket #17), which pleadings were signed under penalty of perjury by the Debtor.

3. On April 9, 2019 the Debtor filed his Chapter 13 Plan (Docket #19).

4. On April 23, 2019, the Debtor's 341 Meeting of Creditors was held.

5. On April 23, 2019, counsel for the U.S. Trustee sent an e-mail counsel for the Debtor, which in part, requested a number of documents, including receipts/billing statements and proof of payments for multiple expenses on the Debtor's Schedule J.

6. Based on testimony given by the Debtor at his 341 Meeting, information in the Debtor's Schedule A, B, I, and J and in the Debtor's Plan appeared to be false.

7. Despite the Debtor and his counsel being aware of this false information, the Debtor has failed to file any amendments to his Schedules or Plan, so that information remains false.

8. In Schedule A, the Debtor admitted he had an appraisal approx. a year before he filed for bankruptcy which indicated his real property was worth $178,000. The Debtor further agreed it is likely his property is worth more now- possibly over $180,000.

9. The Debtor's Schedule B lists a 2017 Cadillac Escalade. Schedule J, Line 17.a. lists a monthly payment of $854 for that vehicle. The Debtor testified his employer pays for that vehicle.

10. Based on insurance information provided by the Debtor, beside the insurance for the Cadillac, he is also paying insurance for a 2015 Ford Taurus and a 2017 Chevy Malibu.

11. Neither the 2015 Ford Taurus nor the 2017 Chevy Malibu are listed in the Debtor's Schedule B, D or G.

12. The Debtor's bank statements reflect monthly payments were being made to Ford Motor Credit in the amount of approx. $350 and payments were made through January, 2019 to GMF Lease in the amount of approx. $267.

13. No such monthly payments are listed in the Debtor's Schedule J for any vehicles other than the Debtor's Cadillac and the status of the 2015 Ford and 2017 Chevy are unknown.

14. In Schedule B the Debtor failed to list a cell phone, which he admitted he owns.

15. The Debtor has taken more exemptions under Section 522(d)(5) than he is entitled to under the Bankruptcy Code.

16. The Debtor has failed to indicate the dates when some of his debts were incurred in his Schedule F.

17. The Debtor lists payments on lines 5b. and 5d. in his Schedule I but has failed to provide proof those payments are mandatory or required, as requested by the U.S. Trustee.

18. The Debtor's Schedule I lists gross pay and other income for himself and his wife (not deducting any payroll expenses), totaling approx. $6,774 ($4,128 from wages + $1,764 + $882 (both from social security).

19. However, a review of the Debtor's bank statements provided for the time frame between August 23, 2018 and January 22, 2019 (It should be noted that

although requested, bank statements for the remainder of January, 2019 through April 23, 2019 were not provided to the U.S. Trustee) shows an average of over approx. $8,300 per month going into the Debtor's account.

20. Based on a review of the partial documents provided to substantiate expenses on the Debtor's Schedule J, a number of the line items appear wrong or are otherwise not substantiated.

21. Based on tax returns provided to the U.S. Trustee, the actual gross income for the Debtor is understated in his SOFA for 2017 by approx. $13,000 and understated in 2016 by over $6,000.

22. Based on information and documentation provided and Debtor's testimony at the 341 Meeting, information in the Debtor's Schedules A, B, C, possibly D and G, I, J, SOFA and Plan is false. The U.S. Trustee objects to the Debtor's Plan based on this.

23. Based on numerous inaccuracies in the Debtor's Schedules and SOFA, and documents provided to the U.S. Trustee, the amount the Debtor proposes to pay through his Plan is inaccurate and less than what he should and could pay. The U.S. Trustee objects to the Debtor's Plan based on this.

24. The Debtor's Plan should not be allowed to be confirmed until all corrections to the various bankruptcy pleadings have been made and filed with the Bankruptcy Court.

25. The Debtor's Plan should not be allowed to be confirmed until all of the documentation requested by the U.S. Trustee has been provided.

26. The United States Trustee objects to confirmation of the Debtor's Chapter 13 Plan as it does not appear the Debtor's Plan has been proposed or filed in good faith based on the reasons set forth herein and otherwise under 11 U.S.C. §1325 (a)(3) and/or (7).

27. The United States Trustee objects to confirmation of the Debtor's Chapter 13 Plan as it does not appear the Debtor's Plan is in the best interest of his creditors under 11 U.S.C. §1325 (a)(4).

**WHEREFORE**, the United States Trustee respectfully requests that confirmation of the Debtor's Chapter 13 Plan be denied under 11 U.S.C. §105(a) and 11 U.S.C. §1325 (a)(3),(4), and/or (7), and for such other relief as to the Court deems appropriate in the circumstances.

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9

By   /s/ Richard A. Roble
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-6769
Richard.A.Roble@usdoj.gov
[P51429]

Dated: May 14, 2019