# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

IN RE:
**TERRY HOWARD DEUTCH**           CASE NO:   19-43465
                                  CHAPTER:   13
                                  JUDGE:     OXHOLM

_____**Debtors**_____/

## Debtors' Chapter 13 Confirmation Hearing Certificate

At the next confirmation hearing in this case, the debtor intends to:

1. ___ Request confirmation of the debtor's plan, because all timely objections of creditors and the trustee have been resolved.  I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.

2. __xx__ Request confirmation of the debtor's plan, even though all timely objections have not been resolved.  I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.  The parties are at an impasse in attempting to resolve these objections despite all reasonable efforts.  The following are: (a) the parties whose timely objections have not been resolved; (b) their unresolved objections; and (c) the legal and factual issues that must be resolved by the Court in connection with confirmation:

   **Trustee Objections:**

   **1.**   The Debtor indicates in Schedule A that the Debtor owns real property located in Clinton Township, Michigan, with a fair market value of $171,800.00.  The Trustee requests that the Debtor provide an Appraisal or the State Equalized Value to support this fair market value no later than fourteen (14) days prior to confirmation;   ***Counsel emailed the requested documents on or about May 13, 2019.  The appraised***

   2.   The Trustee requests that the Debtor provide copies of three (3) post-petition pay stubs at least 14 day prior to confirmation;  ***Debtor's counsel, concurrently with this Confirmation Hearing Statement, will send the 3 post petition income advices to the Chapter 13 Trustee.***

   3.   The Plan fails to provide that 100% of profit sharing funds and/or bonuses received by the Debtor during the pendency of the Plan be remitted to the Trustee for distribution among creditors in contravention of 11 U.S.C. §1325(b) and In re Freeman, 86 F.3d 478 (6th Cir., 1996);  ***Debtor does***

*not receive tax refunds and will submit any refunds to the Chapter 13 Trustee if received during the pendency of this action.*

4. The Trustee objects to the Debtor's failure to disclose the ownership of a Smartphone on Schedule B as the Debtor testified at the §341 First Meeting of Creditors that he owns a Smartphone. The Trustee requests that the Debtor amend Schedule B, Schedule C and the Plan's Liquidation Analysis accordingly, *This objection was precipitated by the United States Trustee's questioning of the debtor at the section 341 meeting of creditors. Since the cell phone value is less than $500.00; the Debtor can amend Schedule B and C and take any appropriate exemption under 11 USC Sec. 522 (d)(3). The amendment should not impact liquidation and there should be no need to amend the Chapter 13 Plan.*

5. A review of the Debtor's Schedule I indicates a 401k loan in the monthly amount of $150.00. The Trustee requests the Debtor provide the specific date upon which this obligation will be paid in full. To the extend that this obligation will be paid in full during the pendency of the Chapter 13 case, the Trustee requests that best efforts be increased by the amount of the 401k loan payment in the month immediately following the month in which the obligation is paid in full; *The Debtor's loan balance is $1418.35 which should be paid off by December 2019. Debtor will put language in the Order Confirming Plan allowing for a step of in payments.*

6. The Debtor indicates on Schedule I that his spouse received social security in the amount of $882.00. The Trustee requests documentation that supports this income no later than fourteen days prior to confirmation; *Per In re Baud, Debtor's spouse's social security income is not disposable income for purposes of this Chapter 13. This objection should be overruled. Debtor will provide proof of the spouse's social security but scheduling it is not necessary under the Baud ruling. However, Debtor's Spouse's Social Security 1099 for 2018 was sent with the compliance documents and Debtor's 2018 tax return.*

7. The Debtor's Plan fails to provide that all of the Debtor's projected disposable income be utilized to fund the Plan. Specifically, the Debtor's Schedule J has overstated the following expenses in contravention of 11 U.S.C. §1325(a)(3) and/or 11 U.S.C. §1325(b);

    a. Condominium association dues - $231.00; **Documents sent on or about May 13, 2019.**
    b. Medical and dental - $400.00 *to be sent by confirmation*
    c. Life insurance - $437.00; **Documents sent on or about May 13, 2019**
    d. Health insurance - $358.00 *to be sent by confirmation*
    e. Estimated income taxes - $250.00 *to be sent by confirmation*

The Trustee requests that the Debtor provide proof of these expenses with fourteen days

8. The Trustee requests that the Debtor complete the Business Questionnaire and return it to the Trustee at least fourteen (14) days prior to confirmation; ***the Trustee's business questionnaire will be submitted prior to confirmation.***

9. The Debtor indicates in the Statement of Financial Affairs that he has an ownership interest in a business called Terry's Floor Covering. The Trustee objects as the Debtor has failed to list any income on Schedule I from this business. The Trustee requests that the Debtor amend Schedules I and J accordingly; ***Due to the illness of Debtor's spouse, Debtor has not been able to work full time with Terry's Floor Covering. Contrary to the Trustee's objection, Debtor did file a business budget [Docket No. 17; page 27] which showed a negative income. As such, there was no income to add to line 8a. of Schedule I.***

10. The Debtor provided a business income and expense schedule for the year 2018. The Trustee would request that the Debtor provide verification of the Debtor's business income and expenses for the months that the Debtor operated the business in 2019. ***Debtor will provide business statements for January 2019 through April 2019 which will disclose the following income and loss:***
***January 2019; Deposits $980, Debits $904.95***
***February 2019; Deposits $100, Debits $79.95***
***March 2019; Deposits $13,965.10, Debits $4875.84***
***April 2019; Deposits $3500.00, Debits $9018.33***

***Debtor's net income for the last 4 months has been di minnimus. The Trustee's***

**Creditor Objections:**

1. Home Point Financial Corporation: Home point alleges that Debtor was delinquent in mortgage payments on his residence at the time of filing of this matter. ***Debtor avers that he is current with direct mortgage payments with Home Point Financial Corp. This objection should be overruled.***


3. ___ Request an adjournment of the confirmation hearing to**.**_____, due to the following good cause: To allow a Pre-Confirmation Chapter 13 Plan to be filed.
4. ___ Dismiss the case. [The Court will construe this as a motion by the debtor to dismiss the case under Fed.R.Bankr.P. 1017(f)(2), and the Court will enter an order of

dismissal and the case will be removed from the docket, unless the case was previously converted from Chapter 7, 11, or 12 to Chapter 13. In that event, a separate motion to dismiss must be filed within 10 days.]

5. ___ Convert the case to chapter 7. [The debtor must promptly file a separate notice of conversion under Fed.R.Bankr.P. 1017(f)(3), and pay the filing fee for such notice. Such notice of conversion will cause the case to be converted without the entry of an order of conversion.]

Dated: May 14, 2019                     */s/ William R. Orlow*
                                        B.O.C. Law Group, P.C.
                                        William R. Orlow (P41634)
                                        Attorneys for Debtors
                                        24100 Woodward Avenue
                                        Pleasant Ridge, Michigan 48069
                                        248-584-2100
                                        bocecf@boclaw.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

IN RE:
TERRY HOWARD DEUTCH           CASE NO:   19-43465
                                                  CHAPTER:   13
                                                  JUDGE:   OXHOLM

_____Debtors_____/

**CERTIFICATE OF SERVICE**

    **William R. Orlow** on **May 14, 2019** did send the following pleadings: **Debtor's Chapter 13 Confirmation Hearing Certificate**, and proposed Order Confirming Plan were filed with the Clerk of the Court using the ECF System, which will send notification of such filing to the following:

**TAMMY L. TERRY**
**CH. 13 TRUSTEE**
**535 GRISWOLD, SUITE 2100**
**DETROIT, MI 48226**

**HOME POINT FINANCIAL CORPORATION**
**C/O SOTTILE & BARILE, ATTORNEYS AT LAW**
**PO BOX 476**
**LOVELAND, OH 45140**

Dated: May 14, 2019                    */s/ William R. Orlow*
                                              B.O.C. Law Group, P.C.
                                              William R. Orlow (P41634)
                                              Attorneys for Debtor
                                              24100 Woodward Avenue
                                              Pleasant Ridge, Michigan 48069
                                              248-584-2100
                                              bocecf@boclaw.com